the next case for argument which is united states of america versus billy joe reynolds good morning my name is candace cane and i represent billy joe reynolds appellant i do not mean in any way to foreclose certainly my colleagues nor you by asking this at the outset but you raised a veritable grab bag of constitutional issues in fact a list that essentially tracks at least a couple of the board of appeals opinions out there that dealt with these issues is is there one issue or several issues of constitutional dimension that you believe are most persuasive or particularly strong here that in a limited time we should direct our attention to your honor I recognize that mr. Reynolds case involved a myriad of challenges including the administrative procedures act which this court directed us to a case that was very well named case yes my name courts have instructed courts are instructed to avoid constitutional issues unless resolution is absolutely necessary the court here can resolve mr. Reynolds case in his favor without finding constitutional error actually by ruling that the department of justice violated the administrative procedures act when it issued its interim rule without complying with the notice and comment requirement in the 30-day waiting period that rule was issued on february 28th 2007 and as I mentioned this is precisely what the sixth circuit recently found in united states versus cane and in standard of review we should apply to the good cause determination or lack thereof I would say de novo it's a legal determination the court in cane found that the administrative procedures act was violated because the attorney general did not show good cause to waive the notice and comment period or the 30-day waiting period in enacting the interim rule the interim rule central to mr. Reynolds case since his conviction for an offense under SORNA occurred in 2001 so that was many years before the SORNA itself took effect which was July 27 2006 as in cane if SORNA is not applicable to mr. Reynolds until the attorney general validly issues a rule then mr. Reynolds is not subject to SORNA he noted the circuit split on this issue and found that quote pursuant to 169 13d SORNA did not apply to certain offenders until the attorney general specified that it did and that was at star 5 which was in the court's letter so now we have four circuits essentially that are holding that the the defendant would not be subject to SORNA unless he was covered by a valid rule and they basically state that the that SORNA does not apply until the attorney general said so but isn't there one major difference between at least as far as this aspect your case is concerned Reynolds traveled after the rule was promulgated and Cain traveled before right but that wouldn't matter because the Cain opinion basically says that when the rule is not valid then it does not apply so it doesn't matter whether mr. Reynolds traveled before or after the rule if the rule doesn't apply to him if it's not a valid rule then it doesn't apply whether he traveled before or after when I initially read those cases I thought that that would matter but but Cain's specifically says that it does not apply to mr. Cain the interim rule because the Attorney General's rule was not validly enacted and that was a Sixth Circuit that said that yes and did they find that there was not good cause to promulgate the rule without the 30-day period yes that's right but in the Attorney General in promulgating this rule made a determination at least in his determination that there was good cause right and that's confusing when you think perplexing talked about a public safety reason and during the time that we're waiting for whatever SORNA will be offenders are covered by the Megan's law they're covered by the Jacob Wetterling Act and in fact when Congress allowed or informed the AG that they were to have the authority to make the rule or make the decision about retroactive application of SORNA essentially they they knew that they were creating delay I mean that would delay the process somewhat and then the Attorney General himself waited seven months so even though the Attorney General is saying that they want no delay and that's why there has to be this immediate application of the rule it really is right but what was I mean I asked you about the standard of review and you replied that it's plenary and I'm I'm not so sure of that but let's assume for argument purposes it is where is the defect in the Attorney General's rationale well first of all what was that rationale the dispensing the notice and how is his reasoning outweighed by yours which is essentially what you're asking us to do right well his rationale was simply to get it on the books as quickly as possible it's not as though there was a public safety concern when you don't have the comment period no one gets a chance to weigh in on the rule and what effect it may have no one gets notice of the rule and the impact it could have on various populations and then without the waiting period no one gets a chance to to and it's a matter of fundamental fairness your honor and then that does bring me to all the constitutional issues which I won't go into but it does bring up those constitutional issues and relates to them let's go back once it stay on that point a second does mr. Reynolds have standing to he's the one being indicted yes but in charge wasn't the issue one of registration and didn't he in fact have the opportunity and did in fact register under the Missouri statute well but his indictment is indicting him for failure to register as required by SORNA when he came to different standards SORNA changed many things it changed who was to be captured there are some people who don't have to register in their home state but will have to register under SORNA and in fact when you look at the at the SORNA statute 169 13 D it talks about others who cannot comply I mean essentially this statute was enacted by Congress and applied to or purported to apply to apply comply with with the with the statute itself and so I think that under those circumstances it's incumbent on the Attorney General to comply with all the requirements of the Administrative Procedures Act before issuing the rule and enacting the rule and subjecting people to prosecution so you know what would have that done it's if the Attorney General had published the rule for 30 days accepted comments the 30 days would have elapsed three or four months before Reynolds travel so the rule still would have been on the books well not necessarily I'm the Attorney General would have received input assuming assuming there was no change assuming there were so many that he goes through as preliminary or on an interim basis right right well you can't really you know say that that would be harmless because the we're talking about a criminal statute the Administrative Procedures Act you know deals with other administrative rules and regulations other than criminal acts and this particular statute is subjecting people to a 10-year prison sentence without any notice without any waiting period without any opportunity for other people to weigh in and improve it or alert people to it's it's coming down the pike and and it really is just a matter of fundamental fairness as as the court in Kane said and and then you when you get to fundamental fairness just in the Administrative Procedures Act and then you go on to the it's retroactive it was improperly delegated as one of the arguments improper exercise of congressional authority under the Commerce Clause it the states had primary authority for defining enforcing criminal law now you have the federal government really going beyond its limited enumerated powers and then the ex post facto clause mr. Sorna was subject to Megan's in his own state as well as the Jacob Wetterling Act from his conviction this new law raised the the the punishment for it and expand the class of offenders and lengthen the registration period and now requires in-person registration what what is specifically your Commerce Clause well essentially that Sorna is regulating criminal activity and not economic activity and then there's also due clause violations right mr. Sorna and the economic argument is particularly bound in the category three attack but where where does your argument fall here we're saying that mr. mr. Reynolds the his movement or what his violation does not is is not a proper exercise under the Commerce Clause because let me ask you this in in in Lopez the Supreme Court said that Congress can regulate persons or things in interstate commerce even though the threat may come only from intra state activities well the problems as I understand it under the category to type of right state commerce provision isn't that precisely what section 2250 does no 2250 provides no nexus between mr. Reynolds travel and the failure to register it's a purely local act and that's than other laws that may require an intent mr. Reynolds wasn't so is the failure in the lack of intent with respect to the travel aspect that's one part that is lacking and also just that mr. Reynolds really his activity did not fall within any of the three Lopez categories and in addition the ex post facto argument I already mentioned and due process mr. Reynolds had no notice he could not knowingly have violated SORNA no one had notice and that brings us back to the Administrative Procedures Act and then of course with the Tenth Amendment this is forcing states to enforce a federal scheme all right thank you good morning Donovan Cocos on behalf of the United States of America mr. Reynolds has brought six preserved challenges to his indictment four of those go to the constitutionality of SORNA itself the other two go to the validity of the AG's interim rule promulgated February 2007 I want to hit just very quickly the constitutionality arguments to the SORNA itself because the fourth through 11 circuits have rejected Commerce Clause ex post facto and due process challenges to SORNA so I would rest on the reasoning stated in those cases and in my brief I don't think that's fair to say your honor minute in my brief I actually did sort of set forth the reasoning for all of those as well I just don't want to use up my time on that because I think the real live issue here might be the APA issue the Tenth Amendment issue I think is foreclosed by this court's decision in Kafka which I cited my brief and then also a decision decided last month which is United States versus Carol and bond that's published in this court and it held essentially that private parties don't have Tenth Amendments standing to raise Tenth Amendment claims so the only two live issues would be those implicating the interim rule so that's the congressional delegation in section 16 913 D and the AG's exercise of that delegation in the interim rule in February 2007 now what I want to say at the outset is whether the court reaches those issues at all depends as it depends whether it wants to weigh in on the circuit split identified in cane in other words if the court concludes that the the SORNA itself promulgated I'm sorry gave Congress gave the AG authority only to determine the retroactive effect of the rule for offenders who are unable to comply with the initial registration requirements then the court doesn't need to reach the delegation issue and the the challenge the APA implementation because that rule simply would not have applied to mr. Reynolds he was able to register and did in fact register he wouldn't have prudential standing in other words and the eighth and tenth circuit have gone that route if the court goes the other way as the fourth and sixth circuits have done and says that no the rule wasn't retroactive for for those convicted prior to SORNA until the interim rule coming along then that just means the court needs to reach this this issue doesn't say how the court needs to decide it one way or another at the outset I want to say the standard of review for the good cause determination and the AG's promulgation the interim rule is not de novo it's arbitrary and capricious well your your respective responses to that inquiry surprises me not in the least but I'd like to know if either of you has any authority sure or your position yeah absolutely there's a third circuit published decision from 1982 called citizens of Philadelphia versus Schweiker and that's the one that applies arbitrary and capricious review to an agency's invocation of the good cause exception and I understand it was before Chevron by two years but that was prescient and in any event it's consistent with five USC 706 so that that's our I want to just get that out there at the outset if the court decides to reach the the Administrative Procedures Act issue now the question in Kane about the circuit split seems to boil down to what is the court think Congress delegated to the Attorney General in section 16 913 D it's been our our position and it's the position of the eighth and tenth circuits that what it really delegated was the ability to determine how SORNA would apply to those sex offenders convicted prior to SORNA who were unable to comply with the initial registration requirements essentially it gave the AG didn't the statute do more than that didn't the statute really delegate to the AG whether or not SORNA was to be applicable at all to sex sex offenders convicted prior to that that's your honor that's the argument the Sixth Circuit accepted and here's my problem with it a couple problems okay yeah and one problem I have with it is the language of section B a section D says the Attorney General shall have the authority to specify the I looked around there's a Third Circuit case called Barnes v. Cohen from 1984 that discusses the word specify in a statute and it said this is by no means essential to its holding but along the way it said when you see the word specify in a statute talking about specifying people the general connotation is one of limitation now if you read it that way as the government does what you get is Congress is saying to the AG you have the authority to specify or limit the application of SORNA to those sex offenders convicted prior to and the implication behind all that is if the AG doesn't do it that authority SORNA itself will apply in a general or unlimited way to all sex offenders that really builds right into the eighth circuits intense circuits discussion of this issue in other words subject section D gives the AG sort of an opt-out way for certain sex offenders but not the entire class and I think the other problem I have with that reading of the of the subsection is that it goes on to say or other categories of sex offenders unable to register and so that to me tells me again that subsection D relates back to B which only goes to those registrations occurring initially now mr. Reynolds has already conceded that he was able to register initially he did register so whatever the AG did pursuant to subsection D didn't apply to him and that means to me that he doesn't have prudential standing that's what the 8th Circuit held us at the 10th Circuit held and that's before we even get to article 3 standing so he's got a lot of problems with it but that's just to the APA it's not as the delegation argument if the delegation was unconstitutional right and the the SORNA could not apply to mr. Reynolds unless Congress specifically said it applied to him then there's no offense for which mr. Reynolds could be charged and he wouldn't be here right and as to that I would say the 5th circuits the 7th 8th 10th and 11th circuits all have found no delegation problem with this statute we wait until should this should we hold this case until the United States Supreme Court decides the case of u.s. versus car which is in front of them no your honor the reason I don't think so is as I understand it having read the issues in the petition for cert I don't know that it's going to reach that issue necessary Supreme Court could it theoretically could reach that issue so I mean yeah I mean I suppose if the court thinks it might maybe it's prudent to hold it till then my argument that the court probably ought to reach no matter what the delegation issue and the APA issue stem back from the possibility that the court in Dixon because that's also been granted cert might wind up saying well look the reason the a the SORNA didn't apply to sex emitter who traveled before its enactment was because it didn't apply at all until the the I want to go back to as you have acknowledged I think implicitly the statute has two grants of authority to it and even and the first grant of authority if read literally doesn't apply to it well I'm sorry applies to everybody who was convicted before sonar SORNA was adopted now you say but the second grant of authority has the word other there and we should draw some inference about that in construing the first right assuming that other the inclusion of other creates an ambiguity don't you still lose no your identity the rule of lenity is normally in the criminal law matters if it's ambiguous it gets construed against the government right but only your honor if you go through what you then do is you widen the lens and you look not only to the text of the statute but the caption the statutory context and the purpose of the statute the legislative history and I would just point out that each court to have ruled in our favor on this issue has in fact found the statute was ambiguous initially but then once you widen the lens it becomes clear that this was designed to cover criminal defendants sexual offenders convicted before SORNA and the reason I say that I'll just toss out a couple of reasons but one is you have during the month SORNA is becoming law Congress is saying the problem that we have is we have 500,000 sex offenders out there 100,000 have just gone AWOL it's a little inconceivable to think that Congress would enact this law that would cover absolutely zero people at the time the law became the law if given that that was the scope of the problem and the other issues that this is an enormously expensive law for states to to comply with Pennsylvania alone which has a fairly robust sex offender registration system as it is it's going to cost more than 20 million now what it gets back in the burn grant is going to be about seven hundred and sixty thousand and there are similar disparities all across the country for each state a bottom line is it's a little bit inconceivable that Congress would go to all this trouble to enact something that cost so much money that would cover nobody at that time well you're assuming Congress contemplated that all these people would be excluded this is not this gives him the authority to specify not only whether but when and how and one would suppose that probably Congress really had in mind primarily the Attorney General is going to make this applicable to people convicted before the statute but he can make clear when and how it's going to be applicable that's true in the Sixth Circuit made that point in its majority opinion but it essentially said well Congress would wrote could rely on the AG to make the political decision whether or not to make this applicable and I thought that's kind of funny because I've never seen Congress shy about taking hard lines on sex offender laws generally so it'd be a little strange to see the them punting to the AG on that issue but so supposing the court either doesn't reach this issue or decides the statutes and ambiguous and doesn't know really what it delegates what I think happens is when the court reaches the APA issue it needs to follow a more structured approach then courts have followed thus far and that approach I think would entail three steps first would be you'd ask whether mr. Reynolds has article 3 standing second whether the AG did announce enough to for this court to find that good cause existed and third whether any error in the promulgation of the rule under the APA was harmless as far as mr. Reynolds is concerned I don't think he can show article 3 standing and that's because of the timeline of this case the AG promulgates the rule February 28th 07 gives a two-month notice and comment period twice as long as is even required to April 30th 07 where's mr. Reynolds that whole time as far as we know he's sitting in Missouri he hasn't even violated the law yet he could choose to comment I mean this is published in the Federal Register he could choose not to leave Missouri or to register in whatever other state he goes to then the AG has the proposed guidelines come out May 30th it gives another two months notice and comment period and that ends August 1st 07 where's mr. Reynolds he's sitting in Missouri still he hasn't even violated yet he could choose not to so as far as he's concerned he has not shown any actual injury of the sort that would be required to establish article 3 standing as to the good cause determination I'd like to point out something the Sixth Circuit I think overlooked first as the dissent said it applied a de novo standard of review which is not proper it should have been arbitrary and capricious the second is the Sixth Circuit applied too narrow a view of what would amount to good cause there's a case in the DC Circuit from 06 called Chamber of Commerce versus SEC where the DC Circuit said good cause to dispense with altogether the notice and comment requirements not just delay them has happened here but to dispense with them can be found if it's anticipated that once you announce the rule you're going to enable people who want to evade it to go ahead and evade it in this case the AG's worry was I think that if it said we're going to announce this rule and take a year and a half to make it final you're going to enable sex offenders who want to not be caught up in this new more robust registration system to evade it by moving to other states or just making themselves a little bit hard to find that's what makes this system so expensive for states is they're having to get DNA palm prints fingerprints physical evidence from defendants that they might not have got before and there may be very good reasons why sex offenders don't want their DNA taken and I think the the AG was worried that by announcing this is going to be out there this would sort of give them the heads up and time to to evade the application of the rule and finally I would say the this is harmless for mr. Reynolds as far as he's concerned for much the same reasons that I stated in in the standing part which is that he didn't he was unaffected entirely by the AG's interim rule or at least any any procedural defects in the promulgation of that rule because he could have commented at any time he could have avoided breaking the law and he could have avoided violating the rule all the way up through the final notice and comment period which was August 1st 2007 so that distinguishes his case from you which actually deals with factually similar situation where you have an interim rule promulgated on prison inmates who are sitting they have a settled expectation that they're going to get early release consideration and all of a sudden the BOP comes along with an interim rule and says no you can't get that anymore if you've been convicted of firearms crimes the Ninth Circuit found that that was not harmless but the reasoning behind it all is those inmates are sitting there they have no way to escape the application of an interim rule that becomes effective immediately you talked earlier about a delay of a year and a half and promulgating something we're talking about 30 days here and actually we're talking about 30 days after a seven month delay and we're talking about an explanation of good cause that says the public safety needs a national network to track these sex offenders but we're talking about Congress giving the state's three to five years to implement the statute and indeed as of now we only have one Ohio I think is the only and doesn't that make it a little silly to say 30 30 day delay now is going to impair the safety of the public because it really needs this national network to track and we going to need it immediately but it's not going to become effective until it's implemented by the states no your honor and the reason I would say is there's a distinction that's important to note between the implementation by the states and those are the requirements set forth elsewhere in SORNA and the registration requirements set forth on individual sex offenders I think the AG's worry was as the states are coming along implementing this the states need to physically go out and find a lot of these guys and it can't really do that unless they begin to comply with their registration requirements so that's the distinction I would draw well you're right the good cause statement in the rule did refer to the public safety not being able to put up with the impeding of registrations but most of most of the offenders were already subject to state registration requirements as of this point and most with the new registration requirements that were imposed by SORNA they didn't become they weren't going to become effective until the state implement that SORNA so isn't that does that withstand scrutiny that we can't wait 30 days because we've got to get people registered it does it withstand scrutiny if you assume as I think the AG did that these sex offenders won't necessarily be stationary you're going to be people moving from state to state and they may have more of an incentive to do so if they know they're going to get a great grace period which that whole year and a half would have been in effect so that's why I think it where did that's where we started out where did this year and a half come out of the year and a half your honor I'm talking about is between February 07 which is the incipients of the interim rule and then July 08 which is when the AG announced the final guidelines and so if you assume that the AG was required to wait to July 08 plus another 30 days you're talking a whole year and a half these guys would have to you know evade being identified and registered so and the last thing I would point out is the split on this is very lopsided in our favor and that we have the fourth circuit and Gould the seventh circuit sort of dismissed the APA issue as frivolous out of hand but then you have district all the district courts in the first third fifth ninth and eleventh circuit all finding no APA violation on the merits I am the good cause explanation also referred to prosecutions but am I correct am I not correct in believing that the feds could prosecute violators of the state registration requirements under the preceding federal Megan's law they could your honor and that was an issue brought up in the dissent and Gould and the problem with it is it assumes that Megan's law was just as effective as SORNA I mean the reason we were have SORNA in the first place is it wasn't effective at solving this kind of problem so yes theoretically they could be prosecuted it was a misdemeanor then it was essentially a year instead of ten but it wasn't effective at solving this this migratory problem that we have with sex offenders and if there's a presumption in favor of notice and comment under the APA you think that's a grave enough concern a 30-day delay or whatever effect that was going to have on prosecutions weighty enough to overcome the presumption in the APA I think it is given that again notice and comment was not completely dispensed with the notice came down simultaneous with the interim rule and the comment period immediately thereafter so this isn't like some cases where an agency will say no notice or comment this is it thank you thank you very much first I want to take issue with the government's statement that mr. Reynolds conceded anything about his initial registration or an initial registration an element of SORNA we did not we don't concede any element of the offense the other thing is the standard of arbitrary and capricious I would say that the Attorney General also was arbitrary and capricious when he did not have the notice and comment period and the 30-day waiting period the the reasons that he gave for dispensing with that I think judge has has really illustrated already the other thing is that many clients like mr. Reynolds you know aren't particularly well-educated mr. Reynolds had a low IQ and is illiterate I mean we're dealing with people that that aren't always have the the best well that relates to the public getting notice of the Administrative Procedures Act enactment and also his own knowledge whether he knowingly violated the statute and in terms of the good cause whether they the standard of review I would like to ask the court to submit a short letter brief I was actually going to ask both sides I mean I think we can assume that you know Congress wanted the Attorney General to to specify the applicability of the requirements of the subchapter to pass to sex offenders whose convictions predated SORNA but I think when you get down to the last sentence there where the the government says that the other categories of sex offenders who are unable to comply with section B that that also refers to to people with prior convictions I don't think that that really means that there are other offenses that people aren't necessarily subject to SORNA prosecution but they were to register under Megan's law or they rather the opposite they were not to register under Megan's law in their state but they are subject to SORNA prosecution and that could be what that is referring to to I mean they I think it made pretty clearing pain that the government's interpretation of that paragraph is is not accurate thank you thank you counsel how much time would you like to present to us to provide us with a supplemental memo I emphasize that this I envision letter briefs that that's satisfactory with my colleagues and in short order so you've requested it this can't how all right well 14 days we'll await your submissions and thank both sides for their presentations and it's very interesting I I'm not going to impose a word limit I don't want it to all right thank you very much we'll take the case under advisement